KOH: USAO 2013R00856

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. DKC 17cr 612 |
| | * | |
| GEORGE SAMBUCA, | * | (Distribution of Anabolic Steroids, 21 |
| a/k/a "Jack Yates," | * | U.S.C. § 841(a)(1); Introduction of |
| a/k/a "Steven Thompson," | * | Misbranded Drugs Into Interstate |
| | * | Commerce With Intent to Defraud and |
| Defendant | * | Mislead, 21 U.S.C. §§ 331(a) and |
| | * | 333(a)(2); Aiding and Abetting, 18 |
| | * | U.S.C. § 2; Forfeiture, 21 U.S.C. §§ 334 |
| | * | and 853, 18 U.S.C. §§ 24(a)(2) and |
| | * | 982(a)(7), 28 U.S.C. § 2461(c)) |
| | * | |

*******

### INDICTMENT

### COUNTS ONE AND TWO
### (Distribution of Anabolic Steroids)

The Grand Jury for the District of Maryland charges that:

At all times relevant to this Indictment:

### The Controlled Substances Act

1.      The Controlled Substances Act ("CSA"), Title 21, United States Code, Section

801, et seq., governed the manufacture, distribution, and dispensing of controlled substances in

the United States.  Pursuant to the CSA, the United States Drug Enforcement Administration

("DEA") regulated certain pharmaceutical drugs that were classified as controlled substances

because of their potential for abuse or dependence, their accepted medical use, and their accepted

safety for use under medical supervision.

2.      Controlled substances were classified in five schedules, as provided in Title 21,

United States Code, Section 812.  Schedule I included controlled substances that had the highest

1

potential for abuse or dependence.  Schedule V included controlled substances that had the

lowest potential for abuse or dependence.    Schedule III included controlled substances that had

the potential for moderate or low physical dependence or high psychological dependence.

3.    Title 21, Code of Federal Regulations, Section 1308.13, outlined controlled

substances classified as Schedule III controlled substances.  Section 1308.13(f) listed anabolic

steroids as Schedule III controlled substances, as a general matter, and referenced Title 21, Code

of Federal Regulations, Section 1300.01, which contained a list of anabolic steroids.  Pursuant to

Section 1300.01, Testosterone, Nandrolone, Stanozolol, Oxandrolone, and Oxymetholone were

anabolic steroids and, thus, Schedule III controlled substances.

### The Charges

4.    On or about each date listed below, in the District of Maryland and elsewhere, the

defendant,

**GEORGE SAMBUCA,**
**a/k/a "Jack Yates,"**
**a/k/a "Steven Thompson,"**

knowingly and intentionally distributed and caused to be distributed the following anabolic

steroids, Schedule III controlled substances:

| COUNT | DATE | CONTROLLED SUBSTANCES DISTRIBUTED |
|---|---|---|
| 1 | November 14, 2016 | Testosterone and Nandrolone |
| 2 | June 16, 2017 | Testosterone, Stanozolol, Oxandrolone, and Oxymetholone |

21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(E)
18 U.S.C. § 2

## COUNTS THREE AND FOUR
### (Introduction of Misbranded Drugs into Interstate Commerce with Intent to Defraud and Mislead)

The Grand Jury for the District of Maryland further charges that:

At all times relevant to this Indictment:

### The Federal Food, Drug, and Cosmetic Act

1.      The Food and Drug Administration ("FDA") was an agency of the United States Government responsible for protecting the health and safety of the public by enforcing the Federal Food, Drug, and Cosmetic Act ("FDCA"), Title 21, United States Code, Section 301-397, to ensure that, among other things, drugs sold for use by or upon humans were safe and effective, and bore labeling containing accurate information and adequate directions for use. The FDA's responsibilities under the FDCA included regulating the manufacture, labeling, and distribution of all drugs, drug components, and biological products introduced into interstate commerce.

2.      Pursuant to Title 21, United States Code, Section 331(a), the FDCA prohibited the introduction or delivery for introduction into interstate commerce of any drug that was misbranded. In Title 21, United States Code, Section 321(g)(1), the FDCA defined a "drug" as, among other things, "articles intended for use in the diagnosis, cure, mitigation, treatment or prevention of disease in man or other animals," and "articles (other than food) intended to affect the structure or any function of the body of man or other animals."

3.      Under the FDCA, a drug was deemed misbranded if, among other things, its label failed to bear: (1) the name and place of business of the manufacturer, packer, or distributor, Title 21, United States Code, Section 352(b); (2) the established name and quantity of each active and inactive ingredient, Title 21, United States Code, Section 352(e); and (3) if any of the

3

information on the labeling was false or misleading in any particular, Title 21, United States Code, Section 352(a).  Pursuant to Title 21, United States Code, Section 321(m), labeling included "all labels and other written, printed, or graphic matter upon any article or any of its containers or wrappers, or accompanying such article."  A "label" was defined in Title 21, United States Code, Section 321(k) as "a display of written, printed, or graphic matter upon the immediate container of any article."

**The Charges**

4.      On or about each date listed below, in the District of Maryland and elsewhere, the

defendant,

**GEORGE SAMBUCA,**
**a/k/a "Jack Yates,"**
**a/k/a "Steven Thompson,"**

with the intent to defraud and mislead, did introduce and deliver for introduction into interstate

commerce drugs that were misbranded in one or more of the following ways: (1) the labeling

was false and misleading in any particular: (2) the label did not bear the name and place of

business of the manufacturer, packer, or distributor; and (3) the label did not bear the name and

quantity of each active and inactive ingredient.

| COUNT | DATE | SHIPMENT |
|-------|------|----------|
| 3 | November 14, 2016 | Package containing seven vials labeled "TEST SUSTANON 350MG" containing Testosterone and seven vials labeled "DECA DURABOLIN 400MG" containing Nandrolone, mailed from Nevada to Maryland. |
| 4 | June 16, 2017 | Package containing one ziplock bag of white powder labeled "DBOL 5g" containing Stanozolol, Oxandrolone, and Oxymetholone; one ziplock bag of white powder labeled "CLOMID" containing Stanozolol; and one vial labeled "SUSTANON 350MG/ML . . . 100cc" containing Testosterone, mailed from Nevada to Maryland. |

21 U.S.C. § 331(a)
21 U.S.C. § 333(a)(2)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 21, United States Code, Sections 334 and 853; Title 18, United States Code, Sections 982(a)(7) and 24(a)(2); and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction on Counts One through Four of this Indictment.

### Narcotics Forfeiture

2.      As a result of the offenses set forth in Counts One and Two of this Indictment, the defendant,

**GEORGE SAMBUCA,**
**a/k/a "Jack Yates,"**
**a/k/a "Steven Thompson,"**

shall forfeit to the United States of America, pursuant to Title 21, United States Code, Section 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.

### Misbranded Drugs Forfeiture

3.      As a result of the offenses set forth in Counts Three and Four of this Indictment, the defendant,

**GEORGE SAMBUCA,**
**a/k/a "Jack Yates,"**
**a/k/a "Steven Thompson,"**

shall forfeit to the United States of America, pursuant to Title 21, United States Code, Section 334, and Title 28, United States Code, Section 2461(c), any quantities of misbranded drugs

which were introduced into interstate commerce, or which were held for sale after shipment in interstate commerce, or which may not, under the provision of Title 21, United States Code, Section 331, be introduced into interstate commerce.

## Substitute Assets

4.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant,

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third person;

c.      has been placed beyond the jurisdiction of the Court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to seek forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

18 U.S.C. § 24(a)(2)
18 U.S.C. § 982(a)(7)
21 U.S.C. § 334
21 U.S.C. § 853
28 U.S.C. § 2461(c)

_Stephen M. Schenning_ /KOH
Stephen M. Schenning
Acting United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

11/15/17
Date

7